REUBEN W. CHADBOURN *vs.* P. H. RAHILLY, impleaded, etc.

December 8, 1885.

**Practice — Bringing in Additional Party Defendant — Prior Action Pending.**—The plaintiff commenced this action of claim and delivery against J. R., and the wheat in controversy therein was taken from J. R.'s possession and delivered to plaintiff. Subsequently, under Gen. St. 1878, *c.* 66, §§ 43-46, P. H. R. was made a party defendant, and he answered and took part in the trial without objection. It appeared that after the action was originally commenced against J. R., but before P. H. R. was made party defendant therein, the wheat was taken from plaintiff's possession in an action of claim and delivery, instituted by P. II. R. against plaintiff, nominally, and two other persons, in which process was served upon such two other persons, but not upon plaintiff. *Held*, 1. That the action brought by P. H. R., though pending and undetermined, is not a bar to this action.

**Same—Replevin—Judgment.**—2. That this action is to be taken as having been commenced against P. H. R. as of the time when he became party defendant therein, and that the property and right of possession of the wheat having been found to be in the plaintiff, judgment was properly rendered in plaintiff's favor against P. H. R. for the possession of the wheat, or its value.

Appeal by defendant P. H. Rahilly from a judgment of the district court for Olmsted county, where the action was tried by *Severance*, J., (acting for the judge of the 3rd district,) without a jury.

*E. M. Card*, for appellant.

*Arthur L. Gove*, for respondent.

BERRY, J. On February 14, 1877, John Rahilly, to secure his promissory notes to the amount of $8,500, executed to plaintiff a mortgage of 480 acres of land, and on the next day he executed to plaintiff a lease, duly recorded, of the same land for the term of four years from March 1, 1877, the plaintiff agreeing therein to pay as rent "the net proceeds and property which should arise from the farming of said premises during said term, or that might be realized by subletting;" the same to be applied as follows, viz.: (1) To the payment of any money advanced, or to be advanced, by plaintiff or

by any bank to Rahilly, or to any tenant on the premises, to carry on and farm the land, with 12 per cent. interest; (2) to pay the interest on the mortgage above mentioned; (3) to the payment of the principal of the mortgage as it became due. The trial judge finds that the purpose and object of the lease was to furnish additional security for the payment of the money secured by the mortgage. This finding is, of course, to be considered as meaning that "the purpose and object" of the lease, *taken as a whole,* was to furnish such additional security, and not as meaning that it did not and was not intended to secure the advances mentioned. The securing of the advances was one of the *means* by which the purpose and object spoken of were to be accomplished.

On March 24, 1879, plaintiff sublet the premises leased to him to John Rahilly, who was to farm the same during the season of 1879, and, among other provisions of the sublease, it may (with sufficient accuracy for the purposes of this opinion) be stated that the title to the wheat to be raised by John Rahilly on certain parcels of the leased land was to be and remain in the plaintiff. The subletting was renewed upon the same terms for the season of 1880. In 1878 and 1879 the plaintiff advanced to John Rahilly more than $2,000, to enable him to carry on and farm the leased premises, and no part of such advance has been paid. The mortgage of February 14, 1877, was foreclosed by a sale of the mortgaged premises to plaintiff, on February 14, 1881, for the full amount of the debt thereby secured.

On April 8, 1881, this action of claim and delivery was brought against John Rahilly by plaintiff, to recover certain wheat raised by John Rahilly on the subleased premises in 1880, of which wheat plaintiff claims title and right of possession under the before-mentioned provision of the sublease; and, upon proper process in the action, the wheat was taken from the possession of John Rahilly and delivered to plaintiff.

On May 7, 1881, P. H. Rahilly was made a party to the action by proceedings under Gen. St. 1878, c. 66, §§ 43–46, and he accordingly appeared, answered, and took part in the trial, without objection. His answer sets up a chattel mortgage of the wheat in controversy, made by John Rahilly to him on February 7, 1881, to secure a just

indebtedness, by virtue of which mortgage he claims to be owner and entitled to the possession of the wheat. The answer further alleges, in substance, that in an action instituted by him for the recovery of the wheat, nominally against plaintiff and two others, but in which process was not served upon the plaintiff, but was served upon the other two persons named as his codefendants, the wheat was taken from plaintiff's possession and subsequently delivered to him, (P. H. Rahilly,) and that this action is still pending and undetermined. The answer also contains a general denial of the allegations of the complaint. The plaintiff's reply in substance attacks and denies the validity of the chattel mortgage, and admits the institution and pendency of the action of P. H. Rahilly, and the taking of the wheat therein, substantially as alleged in his answer. The court below found in plaintiff's favor, and accordingly awarded him a recovery against both John and P. H. Rahilly in the usual form, viz., for the possession of the wheat or its value.

1. The first position taken here in behalf of P. H. Rahilly, who alone appears, is that plaintiff has no right or title to the wheat, (1) because the lease from John Rahilly to plaintiff only operated in law to make plaintiff mortgagee in possession of the lands, and the payment of the mortgage debt,—that is, by the purchase at the foreclosure sale—extinguished all rights and interest therein. The answer to this is that while it is true that plaintiff was mortgagee and in possession, he was not in possession as mortgagee but as lessee, and that while the payment of the mortgage debt might extinguish the plaintiff's rights as mortgagee, it would not—at least until the time of redemption from the foreclosure sale expired—terminate the relations of lessor and lessee, and sublessor and sublessee, between plaintiff and John Rahilly, or take away the plaintiff's authority to enforce whatever rights the lease and sublease purported to give him. One of these was his right of property in the wheat in controversy, which he held, as we have before seen, not merely as security for the principal and interest of the mortgage debt, but as security for advances. Defendant's second point, viz., that plaintiff has no claim to the wheat because the lease is void as without consideration, is clearly without foundation. The lease is a formal one by the owner of the

land or an interest in it, who is entitled to possession, and is made in consideration of what is, or is equivalent to, an agreement to pay rent by plaintiff. The third point, viz., that if the lease is valid, it is so only as security in the nature of a chattel mortgage, and appel- lant's mortgage, taken without notice, is entitled to precedence over it, is answered by the fact that, whether the lease be in the nature of a chattel mortgage or not, it is not a chattel mortgage, but a lease, and as such was properly recorded.

2. The position that the appellant's action of claim and delivery, having been instituted before appellant was made a party to the ac- tion, and having been properly pleaded, is a bar to the maintenance of this action, is answered by the fact that plaintiff was not served with process in appellant's action, and was therefore not a party to the same or bound by it.

Appellant's last point is that P. H. Rahilly not having "meddled. or interfered with" the wheat until after the plaintiff's action was commenced, and the wheat delivered to plaintiff therein, plaintiff had, when this his action was commenced, no cause of action against ap- pellant, and was therefore entitled to no recovery against appellant. This action was originally commenced against John Rahilly, and the wheat taken by the sheriff on April 8, 1881. On April 29th, as ap- pears from the admissions of the pleadings, the appellant commenced the action pleaded by him in bar, in which the property was, on ap- pellant's behalf, on that day taken from the possession of the plain- tiff, and thereafter duly delivered to appellant. On May 7th appel- lant was brought in as a party to this action, by the service of the order making him a party, as well as of the amended summons and complaint, both bearing date May 4th; and subsequently, as we have before seen, appellant, *without objection,* answered and took part in the trial of the case. In this state of facts we are of opinion that, as respects the appellant and his defence, this action may well be taken to have been instituted as of the date 'when he was brought into it, in the manner above indicated. At that time the wheat had been taken from plaintiff's possession by the seizure made in appel- lant's action, and in his behalf; and, if it were necessary, it might be added that, upon the allegations of the appellant's answer in this ac-

tion, it had presumably been delivered into his personal possession. As to the time when appellant's action was commenced, and the wheat taken from plaintiff's possession, there appears to be a discrepancy between the finding of the court and the admissions of the pleadings, but this we presume to have been an inadvertent slip on the part of the court in a matter not regarded as specially important, in view of the course of the trial.

Judgment affirmed.